NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES KARIM CAINES,** | Civil Action No. 17-11955 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **GEORGE O. ROBINSON, JR., et al.,** | |
| Respondents. | |

IT APPEARING THAT:

1. Following a jury trial, Petitioner, James Karim Caines, was convicted of conspiracy to commit robbery, armed robbery, and felony murder in the Superior Court of New Jersey for Essex County, for which he received a forty year sentence on or about December 1, 1997. (ECF No. 1).

2. In July 2010, Petitioner filed a petition for a writ of *habeas corpus* challenging this conviction. *See Caines v. Ricci*, No. 10-3643, 2012 WL 4743128 (D.N.J. Oct. 2, 2012). Following extensive briefing, Judge Martini denied that *habeas* petition on October 2, 2012, and denied Petitioner a certificate of appealability. *Id.* Petitioner appealed, and the Third Circuit dismissed his appeal and denied him a certificate of appealability on or about March 28, 2013. (*Caines v. Ricci*, Docket No. 10-3643 at ECF No. 23).

3. On or about November 15, 2017, Petitioner submitted to the Court a new *habeas* petition challenging the same conviction and sentence, albeit based on his recently denied motion to correct his sentence based on alleged newly discovered evidence in the state courts. (ECF No. 1). Petitioner does not explain the basis for this motion in his new petition, and instead merely decries the alleged failure of the state courts to provide him with a copy of the final judgment or order

denying his motion to correct sentence, which he contends prevents him from appealing. (*Id.* at 5). Petitioner contends that he should be released because the failure to provide him a copy of the order, which has apparently been lost or destroyed, denies him Due Process. (*Id.* at 5-16).

4. Because Petitioner has filed this second petition and paid the appropriate fee, this Court is required to screen his complaint pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any *habeas* petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. Because Petitioner has filed a previous *habeas* petition which Judge Martini denied on the merits, Petitioner's current *habeas* petition is essentially a second or successive *habeas* petition filed without leave from the Court of Appeals. Pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), this Court's jurisdiction over second and successive *habeas* petitions brought under § 2254 is limited. *See* 28 U.S.C. § 2244(b)(3)(A). Under AEDPA, a *habeas* petitioner may not filed a second or successive *habeas* petition in this Court without first receiving authorization from the appropriate court of appeals, in this case the Third Circuit. *Id.* Absent a grant of authorization from the Court of Appeals, this Court lacks jurisdiction over a second or successive *habeas* petition. *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court"); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive *habeas* petition acts as a jurisdictional bar"). "When a second or successive *habeas* petition is erroneously filed in a district court without the permission of a

court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

6. Because it is clear that Petitioner's current petition is a second or successive petition brought without leave of the Court of Appeals, this Court lacks jurisdiction over his petition and must either dismiss the petition or transfer it to the Court of Appeals if it would be in the interests of justice to do so. *Id.* Because Petitioner has utterly failed to provide factual support for the contention that the denial of his motion to correct his sentence in any way warrants *habeas* relief or is based on a new rule of constitutional law, and because Petitioner has otherwise failed to show that his claim would fall within the gatekeeping requirements of the *habeas* statute which could potentially permit the Court of Appeals to grant him permission to proceed on his second or successive petition, this Court finds that it would not be in the interests of justice to transfer the petition. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010). Petitioner's *habeas* petition must therefore be dismissed.

7. In conclusion, Petitioner's current second or successive *habeas* petition will therefore be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

Dated: December 13, 2017

JOSE L. LINARES
Chief Judge, United States District Court